[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11367
Non-Argument Calendar

_____

D. C. Docket No. 05-00045-CR-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN BATEMAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 3, 2008)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Alvin Bateman, Jr., appeals the district court's denial of his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

Bateman pled guilty to possession with intent to distribute five grams or more of crack cocaine, and the district court imposed the statutory mandatory minimum of 60 months' imprisonment, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Bateman submitted a pro se motion for modification of sentence, arguing that Amendments 706 and 711 to the Sentencing Guidelines altered the calculation of his guideline imprisonment range for his crack-cocaine offense. The district court denied the motion, reasoning that Amendment706 did not merit a reduction to Bateman's sentence because he was sentenced to the statutory mandatory minimum.

On appeal, with the assistance of counsel, Bateman argues that the district court plainly erred in denying his motion because his sentence was unconstitutional for violating his due process and equal protection rights. Bateman asserts that the crack/powder ratio, and associated statutory mandatory minimums, are not related to a legitimate state interest, as the Supreme Court recently recognized in Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

Bateman also argues that the crack/powder ratio, and associated statutory mandatory minimums, disproportionately affect African-Americans like himself.

## II.

We review a district court's refusal to reduce a sentence, pursuant to § 3582(c)(2), for an abuse of discretion.  United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998).[1]  However, when a defendant fails to raise an error in the district court, we review for plain error only.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  Under plain error review, we may take action if there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

Under § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the defendant's sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced and if the district court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and determined that a reduction would be consistent with the policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c);

---

[1] As a preliminary matter, the district court had, and we have, subject matter jurisdiction over Bateman's motion for modification of sentence.  Although Bateman filed the motion before Amendment 706 became retroactively applicable on March 3, 2008, the district court ruled on the motion after this date.  See United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (holding that the district court and this Court had subject matter jurisdiction over the defendant's motion for modification of sentence based on Amendment 706, even though the defendant filed the motion before March 3, 2008, because the district court ruled on the motion after that date).

United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000).  The commentary to U.S.S.G. § 1B1.10 instructs that a reduction under § 3582(c)(2) is not authorized when "an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)); see also Moore, 541 F.3d at 1328 (holding that, while Amendment 706 was applicable to the defendants in question because it reduced their base offense levels, a reduction was not authorized because the amendment did not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline).  In Kimbrough, the Supreme Court  held that, in determining to what extent to vary from the guidelines based on a disagreement with the crack/powder ratio, the district court remains "constrained by the mandatory minimums Congress prescribed."  552 U.S. at ___, 128 S.Ct. at 574.

We have held that § 3582(c)(2) does not permit the district to consider the defendant's sentence de novo and that "[a]ll original sentencing determinations [must] remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  Moreno, 421 F.3d at 1220 (quotation omitted).  Indeed, we have held that constitutional challenges to a defendant's

4

sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2) and instead must be pursued by way of habeas petitions. Bravo, 203 F.3d at 781-82 (upholding a district court's finding that it had no jurisdiction in a § 3582(c)(2) proceeding to consider the defendant's claim that his sentence constituted cruel and unusual punishment).

### III.

The district court did not err, plain or otherwise, in denying Bateman's motion. See Vautier, 144 F.3d at 759 n.3; Moreno, 421 F.3d at 1220. When confronted with a motion for modification of sentence, the district court only may analyze whether the sentence was determined using a guideline imprisonment range that a subsequent retroactive amendment has reduced. See 18 U.S.C. § 3582(c); Bravo, 203 F.3d at 780-81. Bateman does not argue on appeal that the district court erred in conducting this analysis, and the record otherwise does not reveal such an error. See U.S.S.G. § 1B1.10, comment. (n.1(A)); Moore, 541 F.3d at 1328. The district court is not permitted to analyze whether the sentence was unconstitutional. See Moreno, 421 F.3d at 1220; Bravo, 203 F.3d at 781-82. Accordingly, the district court did not err in failing to do so, and we affirm.

**AFFIRMED.**